UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLORIA CREECY and CHARLES LARCHE** | CIVIL ACTION |
| **VERSUS** | NO:      06-09307 |
| **METROPOLITAN PROPERTY and CASUALTY INSURANCE CO., ET AL.** | SECTION: "M" (4) |

## ORDER

Before the Court is a **Motion to Stay Discovery, Motion for Protective Order and/or Order to Limit Scope of Discovery (R. Doc. 74)**, filed by the Plaintiffs, Gloria Creecy and Charles L. Larche.  The Plaintiffs also requested expedited consideration of the motion (R. Doc. 75), which Court granted in an Order (R. Doc. 76) signed on February 13, 2008.  The Court provided the Defendants until 3:00 p.m. on February 14, 2008 to submit an opposition brief.  The Defendants did not file an opposition memorandum.  Accordingly, the Court considers the merits of the Plaintiffs' motion below.

### I.      Background

The Plaintiffs filed this action against the Defendants to recover homeowners' and fire insurance proceeds that the Plaintiffs allege should have been paid by Defendants for damages sustained to their home and associated losses resulting from the events of Hurricane Katrina.  (R. Doc. 1-3.)  The Plaintiffs made allegations in their complaint regarding not just the structure of the home itself and the immovable property, but also the contents of the home.  (R. Doc. 1-3.)

In the subject motion, the Plaintiffs note that the Defendants are currently attempting to take

multiple depositions in this matter when the original deadline for discovery in this matter has long since passed on December 14, 2007. (R. Doc. 16.) The Plaintiffs also stress while that the Defendants secured an extension of the discovery deadlines to January 14, 2008, they still failed to timely take any discovery action and only responded to the Plaintiffs discovery requests in January 2008. Now, at the eve of trial, the Defendants attempt to take multiple depositions and conduct a plethora of last minute discovery, when they themselves failed to produce discovery to the Plaintiffs until recently. The Plaintiffs assert that due to the Defendants' oppressive and harassing conduct, they will suffer an undue burden and prejudice in this matter.

**II.      Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought, or (3) the burden or expense of the proposed discovery outweighs its likely benefit. In assessing whether the burden of the discovery and outweighs the benefit, a court must

account for (1) the needs of the case, (2) the amount in controversy, (3) the parties' resources, (4) the importance of the issues at stake in the litigation, and (5) the importance of the proposed discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(c).

**III.    Analysis**

Here, the Court acknowledges that the Defendants now seek discovery where ample time has passed for the Defendants to obtain the information that they now seek at this juncture.  However, during the course of the settlement conferences held before the undersigned magistrate judge, it became clear to the Court that *both* parties withheld relevant discovery from one another during the discovery process.

During the second settlement conference on February 11, 2008, in an effort to move the forestalled proceedings forward in light of the imminent trial, the Court set forth a rigorous timeline and structured the method in which parties would exchange information critical for trial.  What was originally scheduled as a settlement conference eventually devolved into a discovery conference because of the many outstanding discovery disputes and parties' lack of cooperation in the discovery process.  During the settlement conference, the Court set dates for the taking of depositions of the Plaintiffs' witnesses.  Counsel for both parties did not interpose an objection with regards to producing the witnesses for deposition, and instead, both indicated agreement with the scheduling of the depositions.  The Plaintiffs' counsel also promised to the Court and opposing counsel that she would secure dates of when the remaining witnesses were available for deposition.

In the Plaintiffs' subject motion, the Plaintiffs now request that the Court revisit the issue regarding the taking of the depositions, which the Court resolved with *all* of counsel's participation. The Court finds that in bringing the subject motion on an issue that is closed, the Plaintiffs are

engaging in the same delay tactics and lack of cooperation that resulted in the current state of the case. Given that the Court has already directed the parties to schedule the depositions at set times and dates, the Court therefore denies the Plaintiffs' motion. The Court's goal is to facilitate the free exchange of evidence and preparation for the impending trial date, which inures to fairness and not prejudice as perceived by the Plaintiffs.

### IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion to Stay Discovery, Motion for Protective Order and/or Order to Limit Scope of Discovery (R. Doc. 74)** is **DENIED**.

New Orleans, Louisiana, this 14th day of February 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**