UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLORIA CREECY and CHARLES LARCHE           CIVIL ACTION

VERSUS                                      NO:      06-09307

METROPOLITAN PROPERTY and                   SECTION: "M" (4)
CASUALTY INSURANCE CO., ET AL.

# ORDER

On November 30, 2008, the Court granted as unopposed Metropolitan's Motion to Compel (R. Doc. 19), filed by the Defendant, Metropolitan Property and Casualty Insurance Co. ("Metropolitan"). (R. Doc. 20). In the motion, Metropolitan sought the award of reasonable attorney's fees and costs associated with bringing the motion. Thus, the Court ordered Metropolitan to file a motion to fix attorney's fees into the record. Metropolitan subsequently filed **Metropolitan's Motion to Fix Attorney Fees (R. Doc. 22)** and attached (1) two affidavits and (2) a transactions listing, itemizing the services rendered by Metropolitan's counsel, Catherine F. Giarrusso ("Giarrusso") and H. Minor Pipes, III ("Pipes") in connection with the motion. In opposition, the Plaintiffs filed a Memorandum in Opposition to Metropolitan's Motion to Fix Attorney's Fees (R. Doc. 23). Shortly thereafter, Metropolitan filed a Reply to Plaintiffs' Opposition to Metropolitan's Motion to Fix Attorney Fees (R. Doc. 32).

In total, Metropolitan seeks the recovery of $561.00 in attorney's fees. According to the Giarrusso's affidavit, she expended 2.30 hours on Metropolitan's motion at a rate of $210.00 an hour, for a resulting total of $483.00. (R. Doc. 22-3, Ex. A.) Similarly, in Pipes's affidavit, he

attests that he spent 0.30 hours on the motion at $260.00 an hour, for a total of $83.00 of work on the motion. (R. Doc. 22-3, Ex. B.) Metropolitan did not provide documentation for any costs expended, therefore, the Court will not award any costs in connection with the motion.

The Plaintiffs oppose the motion, contending that they did not receive the original discovery request and that the fees are unwarranted because Plaintiffs had agreed to timely and diligently provide the discovery responses. The Plaintiffs maintain that despite the Plaintiffs' assurances that the requested discovery was forthcoming, Metropolitan nevertheless filed the motion "after the very first communication to discuss the discovery." (R. Doc. 23, p. 1.) The Plaintiffs assert that they were going to deliver the responses at depositions scheduled on November 30, 2007, however, Metropolitan's counsel cancelled the depositions and due to scheduling issues, the Plaintiffs were unable to deliver the responses until December 5, 2007. The Plaintiffs further contend that Metropolitan's counsel should not be compensated at their requested rate, nor should two attorneys be compensated for preparing one motion. Finally, the Plaintiffs argue that they should not have to bear the cost of Metropolitan's refiling of its originally deficient motion to compel.

In response, Metropolitan reiterates that the Court has already granted its underlying motion to compel and award costs, and therefore, the sole issue before the Court is determining the appropriate amount of costs to be awarded. Metropolitan also disputes the Plaintiffs characterization of the Plaintiffs' diligent efforts to produce discovery responses.

**I.      Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

The Court notes that while it considers the entirety of the Plaintiffs arguments, that the Court has already awarded Metropolitan attorney's fees in connection with the motion to compel. Therefore, the only issue before the Court is calculating the amount of fees due to Metropolitan, and not whether Metropolitan is entitled to attorney's fees.

**A.   Calculating a Reasonable Hourly Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

*v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Metropolitan seeks the recovery of $561.00 in attorney's fees for 2.60 hours of work on the motion, at hourly rates of $210.00 and $260.00. In support of the hourly rates, Metropolitan submits the affidavits of its attorneys, Giarrusso and Pipes.

According to Giarrusso's affidavit, Giarrusso earned a Juris Doctorate from Tulane Law School in 2002, where she graduated *summa cum laude*, was inducted into Order of the Coif at graduation, acted as an Articles Editor for the Tulane Law Review, and received multiple awards and scholarships. (R. Doc. 22-3, Ex. A.) Currently, she is an associate with Barrasso Usdin Kupperman Freeman & Sarver ("Barrasso") and primarily practices commercial litigation and litigates insurance matters, commercial contracts, and business torts. (R. Doc. 22-3, Ex. A.) She attests that her billing rate for the matter is $210.00 an hour, which is customary for attorneys in the area with similar backgrounds, experience, and practice. (R. Doc. 22-3, Ex. A.)

Similarly, according to Pipes's affidavit, he earned a Juris Doctorate from Louisiana State University, Paul M. Herbert Law Center in 1996, where he graduated second in his class, was inducted into Order of the Coif at graduation, and also received multiple awards and scholarships. (R. Doc. 22-3, Ex. B.) Pipes attested that he is a founding member of Barrasso and primarily practices commercial litigation, specifically litigating insurance matters, commercial contracts, and business torts. (R. Doc. 22-3, Ex. B.) Pipes asserts that his billing rate for the matter was $260.00 an hour, which is customary for attorneys in the area with similar backgrounds, experience, and practice.

Despite these details in the affidavits, neither Giarrusso nor Pipes provide information regarding the rates actually billed and paid in similar lawsuits. Furthermore, the Plaintiffs have specifically contested the rates.

Giarrusso's rate of $210.00 and and Pipes's rate of $260.00 are above the range of prevailing market rates given their roughly five (5) and eleven (11) years of legal experience. *See Lytal Enterprises, Inc. v. Newfield Exploration Co.*, No. 06-00033, 2006 WL 3366128 at *6-7 (E.D. La.

Nov. 17, 2006) (identifying the range of attorney's fees awarded in cases before the Eastern District of Louisiana, and specifically awarding a rate of $175.00 an hour to a senior-level associate, who had graduated from law school seven (7) years ago, for work on a motion to compel); *White v. Imperial Adjustment Corp.*, No. 2005 WL 1578810, at *7-8 (E.D. La. Jun. 28, 2005) (noting that rates between $150.00 to $250.00 typical of the area); *Tasch, Inc. v. Unified Staffing & Associates, Inc.*, No. 02-03531, 2003 WL 23109790 (E.D. La. Dec. 30, 2003) (awarding counsel with five (5) to six (6) years of legal experience fees at a rate of $150.00 an hour).

This Court acknowledges that it has previously awarded Giarrusso a rate of $180.00 where her rate was uncontested. *See Teles v. Liberty Mut. Fire Ins.*, No. 06-11250, 2008 WL 425534 (E.D. La. Feb. 12, 2008). However, this Court has reduced hourly rates of an attorney with seven (7) years of legal experience to $175.00 an hour, and an attorney with eleven (11) years of legal experience to $200.00 an hour, where the rates were contested. *Drs. Le and Mui, Family Medicine v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491 (E.D. La. Dec. 19, 2007). Based on prevailing market rates and case law in this jurisdiction, the Court concludes that a rate of $175.00 is appropriate for Giarrusso's work on the motion and $200.00 is appropriate for Pipes's work on the motion. Therefore, the Court reduces the requested rates accordingly.

**B.     Determining the Reasonable Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker, 99 F.3d at 770*. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards.

6

*Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston,* 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley,* 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642 (5th Cir. 2002).

Giarrusso and Pipes submit an itemized transactions listing, detailing the legal services that they rendered in conjunction with the motion to compel. However, the transactions listing does not mention any hours expended but not billed to Metropolitan. It is therefore presumed that neither Giarrusso nor Pipes exercised billing judgment. Nevertheless, as indicated by the above case law, the Court may also conduct a line-by-line analysis of the fee entries made by Giarrusso and Pipes for the work that they performed on Metropolitan's motion.

According to the transactions listing, Giarrusso spent (1) 1.50 hours drafting the first motion to compel, which was filed with the Court on November 1, 2007, (2) 0.40 hours conferring with the Plaintiff's counsel on the discovery responses, and (3) 0.40 hours drafting and refiling the second motion to compel on November 20, 2007. The transactions listing also indicates that Pipes spent (1) 0.10 hours corresponding through email on the motion to compel, (2) 0.10 hours reviewing and analyzing the motion to compel, and (3) 0.10 hours reviewing correspondence from the Plaintiffs regarding inspections and the motion to compel.

### 1. **Excessive Entries**

In the Plaintiffs' opposition to the fees, the Plaintiffs contend that two attorneys should not be compensated for work on one motion to compel. There is no rule, and the Plaintiff cites to none, that indicates that a party cannot recover for the joint efforts of more than one attorney who performs legal work in connection with a successful motion to compel. However, the Court notes that when a party chooses two attorneys to represent it in a lawsuit, the opposing party is not required to pay for duplicative work amount the attorneys. *Riley v. City of Jackson,* 99 F.3d 757, 760 (5th Cir. 1996). Because Giarrusso has performed the majority of work on the subject motion to compel, the Court will subtract any duplicative entries and time from Pipes' billing records.

After reviewing the itemized transaction listing, the Court notes that no entries appear to be duplicative, however, there are various entries that are otherwise inappropriate. Particularly, the Court also takes issue with Metropolitan's requests for fees both on the procedurally deficient motion to compel that it filed on November 1, 2007 (R. Doc. 17) and the subsequent corrective motion to compel that it filed on November 20, 2007 (R. Doc. 20).

Originally, on November 1, 2007, Metropolitan filed a motion to compel requesting that the Court compel the Plaintiffs to respond to its outstanding written discovery. (R. Doc. 17) However, the Court denied Metropolitan's motion because Metropolitan failed to attach the relevant discovery requests for the Court's consideration. Without the discovery requests, the Court was unable to verify the dates and inspect the service sheet to the discovery that Metropolitan alleged that it had served onto the Plaintiffs on September 28, 2007. (R. Doc. 17.) In fact, the Plaintiffs contend that they never received the original discovery, thus underscoring the significance of the original discovery requests for the Court's full determination.

Thereafter, Metropolitan refiled the motion, without changing any substance in the motion or supporting memorandum, but this time, attaching the relevant discovery requests. (R. Doc. 19.) It is this motion that the Court granted as unopposed on November 30, 2007, and to which it awarded associated attorneys fees and costs. (R. Doc. 20.)

Metropolitan now requests fees incurred in the work and filing of both motions. The Court concludes that Metropolitan is not entitled to the fees arising from the original motion, as it was procedurally deficient and ultimately denied. However, because the second motion to compel is merely a procedurally sound version of the first, it is difficult to determine exactly the amount of time spent on either motion. Nonetheless, Metropolitan makes two separate entries regarding the filing of the first and second motion. Based on Metropolitan's separate filing entries on November 1, 2007 and November 20, 2007, the Court deducts the entry for 0.90 hours of work in filing and revising the first motion to compel on November 1, 2007.

### 2. **Block-Billed Entries**

According to the transactions listing, on November 1, 2007, Pipes reviewed correspondence from the Plaintiffs' counsel regarding both "inspections and the motion to compel." (R. Doc. 22-3, Ex. C.) This entry includes services beyond the motion to compel written discovery responses, and therefore is "block-billed."

The practice of block-billing is disfavored because it is not the province of the Court to approximate how much time was spent on the motion to compel in block-billed entries. *See Cristancho v. National Broadcasting Co., Inc.*, 117 F.R.D. 609, 611 (N.D. Ill. 1987) (denying fees because of substantial block-billing); *In re Chicago Lutheran Hospital Assn.*, 89 B.R. 719, 735 (Bankr. N.D. Ill. 1988) (denying payment for all block-billed entries).

9

In Pipes's fee entry on November 1, 2007, in addition to reviewing correspondence relating to the motion to compel, Pipes also reviewed correspondence regarding "inspections" at that time. (R. Doc. 22-3, Ex. C.) The Court will not estimate how much time Pipes spent working on the motion to compel versus the time spent discovery inspections, which is included within the fee entry. This Court only awarded fees arising from the motion to compel, not any fees in connection with any inspections of premises in this matter. Accordingly, the Court excludes the transactions listed on November 1, 2007, therefore deducting 0.10 hours from Pipes' total request.

### C.     Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

Here, the Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure for either fee request. The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar.

In total, the Court has deducted 0.90 hours from Giarrusso's fee entries and 0.10 hours from Pipes's fee entries. After the deductions, the Court awards a total of 1.40 hours for work performed by Giarrusso at an hourly rate of $175.00 and 0.20 hours for work performed by Pipes at an hourly rate of $200.00, for a total of $285.00.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that **Metropolitan's Motion to Fix Attorney Fees (R. Doc. 22)** is **GRANTED**. The Court finds that the requested fee of **$285.00** is reasonable here.

**IT IS FURTHER ORDERED** that the Plaintiffs pay Metropolitan within **20 days** of the signing of this Order.

New Orleans, Louisiana, this 28th day of February 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**