```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GLORIA CREECY wife of/and                CIVIL ACTION
CHARLES J. LARCHE


VERSUS                                   NO: 06-9307


METROPOLITAN INSURANCE                   SECTION: R(4)
COMPANY d/b/a METLIFE AUTO
AND HOME, et al.
```

## ORDER AND REASONS

Before the Court are plaintiffs' Motion for Summary Judgment, defendant's Motion for Partial Summary Judgment, and defendant's Motion to Dismiss plaintiffs' medical claim. For the following reasons, the Court DENIES all of the motions.

### I.   Background

Plaintiffs Gloria Creecy and Charles J. Larche are Louisiana homeowners whose property was damaged by Hurricane Katrina. Plaintiffs' property is located at 6861 Norwood Court in New Orleans. Plaintiffs allege that their property was insured under

a homeowners' policy issued by defendant Metropolitan Property & Casualty Insurance Company on the day of the hurricane.[1] Plaintiffs' home was also insured under a flood policy issued by Fidelity National Insurance Company. (R. Doc. 107-4 at 4).

Plaintiffs allege that both wind and water damaged their home and rendered it a total loss. (R. Doc. 107-4 at 4). The property sustained six feet of flood water. (R. Doc. 107-2 at 1). Plaintiffs filed a claim under their flood insurance policy and received $145,000 for structural damage and $52,000 for damage to contents. (R. Doc. 107-4 at 5). Plaintiffs also received $28,001.09 from Road Home in September 2007. (R. Doc. 107-4 at 3-4). Plaintiffs filed a claim with Metropolitan for wind damage, but Metropolitan never paid any of the claim. (R. Doc. 107-4 at 4).

On August 28, 2006, plaintiffs sued Metropolitan in state court for breach of contract. (R. Doc. 1). Plaintiffs seek to recover the full policy limits for the damage to their property, as well as damages, penalties, attorneys' fees, and costs under Louisiana Revised Statutes 22:1220 and 22:658. Trial was

---

[1]Metropolitan disputes plaintiffs' allegation that the policy was in effect on the day of the Hurricane and asserts that the policy terminated on December 16, 2003. Metropolitan, however, claims that it has agreed to reinstate the policy if the past premiums are paid. (R. Doc. 107 at 2).

originally scheduled for March 10, 2008. (r. Doc. 16). On January 22, 2005, Metropolitan filed a motion for partial summary judgment to dismiss plaintiffs' dwelling claim (R. Doc. 43) and a motion to exclude evidence of plaintiffs' medical claim. (R. Doc. 44). On February 8, 2008, plaintiffs moved for summary judgment based on Metropolitan's failure to respond to admission requests. (R. Doc. 65). On February 13, 2008, Judge Beer denied all of the motions. (R. Doc. 71). The trial was continued, and the case was reassigned to Section R. (R. Doc. 97). On April 29, 2008, plaintiffs filed the same motion for summary judgment based on Metropolitan's failure to respond to admission requests. (R. Doc. 101). Metropolitan then filed the same motion for partial summary judgment to dismiss plaintiff's dwelling claim. (R. Doc. 107). Unlike plaintiffs, Metropolitan did file new evidence in support of its motion. Metropolitan also filed a motion substantially similar to its earlier motion to exclude evidence of plaintiffs' medical claim, but Metropolitan recharacterized it as a motion to dismiss. (R. Doc. 104).

**II.  Legal Standard**

    **A.  Motion to Dismiss**

In considering a motion to dismiss, a court must accept all well-pleaded facts as true and must draw all reasonable

inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted). Since defendant has already filed a responsive pleading to plaintiffs' complaint, the Court will construe the Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

### B.   Summary Judgment

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A court must be

satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

**III. Discussion**

**A.   Defendant's Motion to Dismiss**

Defendant contends that plaintiffs' claims for medical damages should be dismissed on the pleadings[2] since plaintiffs' petition contained no reference to medical damages. Defendant notes that in plaintiffs' discovery responses, they identified numerous potential witnesses who would testify to "the [e]ffect of stress of having no financial assistance from [Metropolitan] on plaintiffs." (R. Doc. 107-5, Answer No. 1). Plaintiffs do not dispute that their petition does not demand the relief they now seek, but rather contend that the allegation of "damages" alone encompasses both property damages and medical damages resulting from Metropolitan's breach of contract.

The Court finds that defendant's motion has no merit. While plaintiffs may not have alleged medical *damages*, plaintiffs have sufficiently pleaded a *claim* in which they may recover medical damages. Neither party disputes that plaintiffs' petition states a claim under Louisiana Revised Statute 22:1220, under which plaintiffs can recover general damages. *See* La. Rev. Stat. 22:1220(C). Further, this Court has found that mental anguish damages pursuant to Louisiana Civil Code article 1998, such as

---

[2]Since defendant's answer has been filed, the Court has construed defendant's motion as a motion for judgment on the pleadings under Rule 12(c).

the ones plaintiffs seek, are recoverable as general damages under Section 22:1220 if the damages are sufficiently proven. *See Atkins v. Lexington Ins. Co.*, No. 07-6977, 2008 WL 4457684 at *4 (E.D. La. September 29, 2008). While Federal Rule of Civil Procedure 8(a)(3) provides that a pleading must contain "a demand for the relief sought," plaintiffs' complaint asks "to recover from insurer under La. R. S. 22:1220 and/or La. R. S. 22:658 damages, penalties, attorney fees, costs and/or any other relief set forth therein." (Complaint at ¶XXIII, R. Doc. 1-2). The Court finds this request for relief sufficient. Accordingly, defendant's motion to dismiss is DENIED.

**B.   Plaintiffs' Motion for Summary Judgment**

Plaintiffs contend that summary judgment on their claims is appropriate since Metropolitan was served with a Request for Admissions and failed to timely respond. Plaintiffs assert that by failing to respond, Metropolitan is deemed to have admitted the truth of the statements contained in the requests under Federal Rule of Civil Procedure 36(a)(3) and that those admissions are sufficient to prove plaintiffs' claims. Defendant points out that the Court has ruled that the request for admissions was premature (R. Doc. 62 & 84) and has likewise denied plaintiffs' motion for summary judgment based on the

failure to respond to the request for admissions. (R. Doc. 71).

In general, successive motions for summary judgment are disfavored. *See Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961). The district court, however, has discretion to allow successive motions for summary judgment. *See Enlow v. Tishomingo County, Miss.*, 962 F.2d 501, 507 (5th Cir. 1992). In particular, a subsequent summary judgment motion based on an expanded record is permissible. *Id.* at 506.

Here, plaintiffs' summary judgment motion is not based on an expanded record. Plaintiffs filed the same motion and presented the same evidence as they did earlier in this case. Further, plaintiffs base their motion on a request for admission which this Court has twice ruled was premature. (R. Doc. 62, 84). Specifically, in denying Metropolitan's motion for additional time to respond to admissions, Magistrate Judge Roby found that the request for admissions was premature since it was propounded before the parties exchanged initial disclosures in compliance with Federal Rule of Civil Procedure 26. (R. Doc. 62 at 2). Magistrate Judge Roby further found that since Metropolitan had actually responded to the premature request, the motion to deem their responses timely was moot. (R. Doc. 62 at 2). Plaintiffs objected to the ruling under Rule 72(a), and Judge Beer denied

the objection. (R. Doc. 84).  Since the Court ruled that Metropolitan's responses to the admissions request were timely, Metropolitan is not deemed to have admitted the matters contained in the admissions request. Fed. R. Civ. P. 36.  Accordingly, the request for admissions cannot support summary judgment, and thus the Court DENIES plaintiffs' motion.

**C.   Defendant's Motion for Partial Summary Judgment**

Metropolitan contends that summary judgment on plaintiffs' dwelling claim is appropriate since the facts reflect that plaintiffs have already received enough money under their flood insurance policy to cover all repairs for damage to their dwelling.  Plaintiffs aver that there are issues of material fact that preclude summary judgment.

As previously noted, successive summary judgment motions are disfavored. *See supra*.  But as defendant has presented additional evidence with this motion, the Court will consider its merits. *See Enlow*, 962 F.2d at 507.

It is well established that insurance contracts are contracts of indemnity. *See, e.g., Berkshire Mut. Ins. Co. v. Moffett*, 378 F.2d 1007, 1011 (5th Cir. 1967); *Wright v. Assurance Co. of America*, 728 So. 2d 974, 975 (La. App. 2d Cir. 1999).  It is also axiomatic that an insured cannot recover for the same

9

loss twice under a contract for property insurance. *See, e.g.*, *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1080 (La. 1992) ("As a general rule, the claimant may recover under all available coverages provided that there is no double recovery."); *see also Wellmeyer*, 2007 WL 1235042, at *3 ("an insured cannot recover twice for the same loss"). Thus, if the amount received from plaintiffs' flood insurance policy for damage to the dwelling completely covers all repairs to the dwelling, plaintiffs are not entitled to recover for dwelling damage under their homeowners' policy.

Plaintiffs' homeowners' policy provides that Metropolitan will pay:

> [A]ctual cash value at the time of the loss for the damaged property, but no more than the lesser of:
>
> (i) the amount required to repair or replace the damaged property with property of like kind and quality; or
>
> (ii) the limit of liability applying to the property.

(Insurance Agreement at MET-170, R. Doc. 107-10). In their discovery responses, plaintiffs reported that they had spent $93,482.21 to repair property or items covered under their homeowners' policy. (R. Doc. 107-5, Answer No. 11). Defendant contends that since plaintiffs received $145,000 for structural

damage under their flood insurance policy (*See* R. Doc. 107-5, Answer No. 5), plaintiffs are barred from recovering for structural damage under their homeowners' policy unless they can show that the remaining repairs to the property exceed $51,517,79. Defendant has submitted evidence that the repairs are near completion and do not exceed $51,517.79. Specifically, defendant cites the report of claims adjuster Alvin Hosli, who inspected plaintiffs' property on January 14, 2008 and found that the property was 95% repaired. (R. Doc. 107-2 at 1). In his report, Hosli stated that "[t]he first floor of the dwelling was repaired completely with 95% completed on the second floor." (R. Doc. 107-2 at 1). Hosli estimated that the cost to repair the flood damage would be $114,084.01 (R. Doc. 107-2 at 1) and that the cost to repair the wind damage would be $28,044.66. (R. Doc. 107-8 at 1).

Defendant further cites the deposition of Plaintiff Larche. In his deposition, Larche testified that there were still repairs to be done on the house. (R. Doc. 107-7 at 81:2-4). When asked to estimate what the remaining repairs would cost, Larche first stated "[t]he prices are today, I couldn't answer that." (R. Doc. 107-7 at 81:5-8). He then estimated that it would cost "round thirty-five, forty thousand, easily." (R. Doc. 107-7 at 81:14-15). Larche further stated that the thirty-five to forty

thousand did not include the cost to repair the roof, which he estimated to be about $20,000 more. (R. Doc. 107-7 at 82:8-20).

The Court agrees with plaintiffs that issues of material fact preclude summary judgment on this issue. The record reflects that there are issues of fact as to whether the $145,000 plaintiffs received from their flood insurer already compensated them for their loss. There is contradictory evidence as to the cost of the remaining repairs and whether the repair costs, coupled with the roughly $93,000 plaintiffs already spent in repairs, could exceed the $145,000 payment from plaintiffs' flood insurer. While Metropolitan's adjuster estimates the total cost of repair to be $143,128.67, Larche's deposition testimony suggests that the cost may be higher. Metropolitan contends that Larche estimated the cost of the remaining repairs to be only $35,000 to $40,000. But Larche's estimate actually totals up to $55,000 to $60,000 since his first estimate did not include the $20,000 he estimated it would cost to repair the roof. (R. Doc. 107-7 at 82:8-20). This estimate, plus the roughly $93,000 already spent, would put plaintiffs' repair costs over $153,000. As such, there are issues of material fact as to plaintiffs' dwelling claim, and summary judgment is DENIED.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES plaintiffs' motion for summary judgment, defendant's motion for partial summary judgment, and defendant's motion to dismiss plaintiffs' medical claim.

New Orleans, Louisiana, this 30th day of October, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE